**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADOLFO BENNY CARRERAS, | |
| Petitioner, | 3:10-cv-00469-LRH-VPC |
| vs. | **ORDER** |
| J. BACA, *et al.*, | |
| Respondents. | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' answer to the petition (ECF #24) and petitioner's traverse (ECF #20).

**I.    Procedural History and Background**

On October 12, 2005, an indictment was filed charging petitioner with attempted murder with use of a deadly weapon; grand larceny of a motor vehicle; resisting a public officer with a dangerous weapon; and ex-felon in possession of a firearm (exhibits to answer, ECF #13, ex. A).[1] The charges stemmed from an August 21, 2005 incident in which two police officers approached a stopped, stolen vehicle in Reno, Nevada. Petitioner resisted exiting vehicle, then pulled out a gun and shot one officer in the face at point-blank range. Petitioner was wounded when the officers returned fire. The wounded officer survived with permanent facial injuries (ex. B). On March 6, 2006, petitioner entered into a plea agreement (ex. C). He pleaded guilty to the attempted murder, resisting and ex-felon charges, and the grand larceny charge and a separate case pending against petitioner were dismissed (*id.*).

---

[1] All exhibits referenced in this order are exhibits to respondents' answer (ECF #13) and may be found at ECF #14.

Prior to sentencing, petitioner filed, in proper person, a petition for writ of habeas corpus (ex. E) and a motion to withdraw his guilty plea (ex. F). At the sentencing on April 25, 2006, the court addressed the two proper person motions. Petitioner indicated that another inmate advised him to file the documents, that he no longer wanted to proceed on either of the proper person filings, and that the court should "throw them in the garbage" (ex. G at 6). The court then sentenced petitioner to eight to twenty years for attempted murder, with an equal sentence for use of a deadly weapon, nineteen to forty-eight months for the resisting count, and twenty-eight to seventy-two months on the ex-felon charge, with all sentences to run consecutively (*id.* at 30-31). The judgment of conviction was filed on April 25, 2006 (ex. H).

Petitioner filed a notice of appeal on June 9, 2006 (ex. I). The Nevada Supreme Court issued two opinions, both finding the notice of appeal was untimely and that they lacked jurisdiction to hear the appeal (ex.'s J, K).

Petitioner filed a state postconviction petition for a writ of habeas corpus on October 25, 2006 (ex. L). The court appointed counsel, and a supplemental petition was filed on October 29, 2007 (ex. M). The state district court held an evidentiary hearing on October 2, 2008 and then heard supplemental argument on November 6, 2008 (ex.'s R, S). The state district court denied the petition, and findings of fact were filed on November 25, 2008 (ex. T). Petitioner timely appealed (ex. U). On March 11, 2010, the Nevada Supreme Court entered its order affirming the state district court's denial of the petition (ex. X).

Petitioner submitted this federal petition for writ of habeas corpus on July 22, 2010 (ECF #6). Respondents answered (ECF #13), and petitioner filed a traverse (ECF #20). Respondents argue that the Nevada Supreme Court's affirmance of the denial of the portions of petitioner's state habeas petition that correspond to federal grounds one through five and seven through nine did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding and that grounds six and ten through thirteen fail to state claims cognizable in a federal habeas corpus action (ECF #13).

///

**II.      Legal Standards**

    **A.      Antiterrorism and Effective Death Penalty Act**

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the legal standards for this court's consideration of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

These standards of review "reflect the ... general requirement that federal courts not disturb state court determinations unless the state court has failed to follow the law as explicated by the Supreme Court." *Davis v. Kramer*, 167 F.3d 494, 500 (9th Cir. 1999). Therefore, this court's ability to grant a writ is limited to cases where "there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 786 (2011).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell v. Cone*, 535 U.S. 685, 694 (2002).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or

3

erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Further, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### B. Failure to State a Claim Cognizable in Federal Habeas Corpus

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law–which includes alleged errors in the state post-conviction review process–do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

### C. Conclusory Claims

In federal habeas petitions, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### D. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth

Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness,. . . under prevailing professional norms." *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (internal quotations and citations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of, the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court recently described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance. . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen*, 131 S.Ct. at 1398-1401.

**III.     Discussion**

       **Grounds 1, 2, 3**

Petitioner alleges the following: his guilty plea was not knowing, intelligent and voluntary due

5

1  to his serious head injury, his detention conditions, threats to remove his child from his family's custody
2  and the lack of investigation in violation of his Sixth and Fourteenth Amendment rights to effective
3  assistance of counsel (grounds 1 and 3) and Fifth Amendment right to due process (ground 2) (ECF #6
4  at 3-8). Respondents argue that the Nevada Supreme Court's affirmance of the denial of these claims
5  was not an objectively unreasonable application of clearly established federal law and that the claims
6  are belied by the record (ECF #13 at 7-11).

7  With respect to ground 2, defense counsel testified at the evidentiary hearing on the state
8  postconviction petition that he had met with an expert to discuss a not-guilty-by-reason-of-insanity plea
9  and that he was meeting with petitioner regularly and preparing for trial because petitioner was
10 vacillating between pleading guilty or going to trial when petitioner finally decided to plead guilty (ex.
11 R, part 1 at 32-34). The Nevada Supreme Court determined that the record showed that "defense
12 counsel testified credibly that he had investigated thoroughly, had met with an expert concerning a *mens*
13 *rea* defense and was prepared to proceed to trial when [petitioner] insisted on pleading guilty" (ex. X
14 at 1). Petitioner has made no effort to rebut this testimony. The Nevada Supreme Court's affirmance
15 of the denial of ground 2 was not an objectively unreasonable application of clearly established federal
16 law.[2]

17 With respect to grounds 1 and 3–the ineffective assistance of counsel claims–petitioner first
18 contends, without elaboration, that his counsel was ineffective by allowing him to enter into a guilty plea
19 that was not knowing and voluntary due to his "serious head injury" (ECF #6). It is undisputed that
20 petitioner was shot in the head, but he fails to explain the nature of his injury and how it affected his
21 ability to understand the proceedings. Morever, the record indicates that petitioner was fully canvassed
22 by a state district court judge in front of whom petitioner had appeared for at least ten years, and that he
23 never indicated that he was having any problem understanding the guilty plea due to a head injury (ex.
24 D at 7-16). The trial court also held an evidentiary hearing on this issue and found it an "inescapable
25 conclusion" based on the testimony of petitioner and his mother, that he was competent when he pleaded
26 guilty (ex. T at 2).

27
28    [2] The court also notes that, while the Nevada Supreme Court apparently addressed this claim on its merits, respondents appear to be correct that because petitioner did not file a direct appeal, this claim should be procedurally barred.

6

Next, petitioner asserts that counsel was ineffective by allowing him to enter into a guilty plea that was not knowing and voluntary because he was in administrative segregation and was told he might lose custody of his children (ex. V at 7). The Nevada Supreme Court rejected these claims without comment. Petitioner has failed to describe what a competent attorney would have done, and he has failed to demonstrate prejudice because he does not explain how jail conditions or nonspecific threats about the custody of his children affected his decision to plead guilty.

Finally, petitioner claims that counsel was ineffective by allowing him to enter into a guilty plea that was not knowing and voluntary due to "lack of investigation." Petitioner has failed to explain what further investigation his attorney should have conducted or how it would have affected his decision to plead guilty. The Nevada Supreme Court's application of the *Strickland* standard in affirming the denial of grounds 1 and 3 was not an objectively unreasonable application of clearly established federal law. Petitioner has utterly failed to demonstrate prejudice, and the claims in grounds 1, 2 and 3 are conclusory and belied by the record.

**Grounds 4 and 5**

Petitioner claims that his Sixth and Fourteenth Amendment rights to effective assistance of counsel were violated when his counsel advised him to plead guilty to a specific intent crime when he could not form the specific intent to kill (ECF #6 at 9-12).

Respondents argue that the Nevada Supreme Court reasonably concluded that petitioner's allegations were belied by the record, and they further argue these grounds are conclusory (ECF #13 at 11-12).

As discussed above, at the evidentiary hearing for petitioner's state postconviction petition, his counsel testified that he was preparing for trial when petitioner decided that he wanted to enter a guilty plea (ex. R, part 1 at 32-33, part 2 at 4). Petitioner also testified at that hearing that he was the one who made the determination to plead guilty (ex. R, part 2 at 25-26). The Nevada Supreme Court affirmed the district court's denial of these claims, concluding that

> The record reveals that counsel testified that he did not advise [petitioner] to plead guilty, [petitioner] testified that he made the decision to plead guilty and counsel did not "push" him to make that decision, and the district court found that counsel's testimony was credible. Because the record belies [petitioner's] allegation, we conclude that he is not entitled to relief.

ex. 72 at 3.

7

The Nevada Supreme Court's application of the *Strickland* standard in affirming the denial of grounds 4 and 5 was not an objectively unreasonable application of clearly established federal law. Thus, grounds 4 and 5 are denied.

**Ground 6**

Petitioner claims that the state district court abused its discretion when it dismissed his state postconviction petition in violation of his Fourteenth Amendment due process rights (ECF #6 at 13). Respondents contend that ground 6 fails to state a claim that is cognizable in federal habeas corpus and that the claim is also conclusory (ECF #13 at 12).

Respondents are correct that alleged errors in the state postconviction process are not addressable through habeas corpus proceedings. *Franzen*, 877 F.2d 26. Accordingly, ground 6 is dismissed for failure to state a claim that is cognizable in a federal habeas action.

**Ground 7**

Petitioner claims that his Fifth Amendment due process rights were violated when the state district court denied his request for funds to retain a ballistics expert to investigate "the ballistics issue" raised in the state court postconviction proceedings. Respondents argue that ground 6 fails to state a claim cognizable in federal habeas corpus and that the Nevada Supreme Court reasonably denied a similar claim (ECF #13 at 13).

During the guilty plea canvas, petitioner stated that he did in fact intentionally attempt to kill the police officer by shooting him in the face with a handgun (ex. E at 14-15). At the evidentiary hearing on the state postconviction petition, the state district court stated that the need for a firearm expert was belied by the record (ex. T at 8).

The Nevada Supreme Court stated that: "The district court found that a ballistics expert was not reasonably necessary because [petitioner] voluntarily admitted to using a firearm against the police officer. The district court's finding is supported by the record and we conclude that its decision to deny the request for funding did not constitute error" (ex. X at 3-4).

The Nevada Supreme Court's determination is not unreasonable. Therefore, ground 7 is denied.

**Grounds 8 and 9**

Petitioner alleges that his Sixth and Fourteenth Amendment rights to effective assistance of

8

counsel were violated because the constitutional right to effective assistance of counsel extends to a direct appeal and the remedy prescribed by the Nevada Supreme Court in *Lozada v. State*, 971 P.2d 944 (Nev. 1994), is an ineffective replacement for a direct appeal and thus is inadequate as a matter of law. Respondents are correct that this cannot form a stand-alone ground for relief. Petitioner does not allege that he was denied a direct appeal and does not claim that he was even entitled to *Lozada* relief. Accordingly, grounds 8 and 9 are denied for failure to state a claim for which relief may be granted. Moreover, the only form of this claim raised in state court was based on an argument that *Lozada* conflicts with Nevada statutes–*i.e*., a state-law argument (ex. M at 14-16). Petitioner's broad appeal to due process would not transform such a state-law claim into a federal Constitutional claim. *Langford*, 110 F.3d at 1381.

**Grounds 10, 11, and 12**

In grounds 10 and 11, petitioner contends that the state district court erred by finding that his guilty plea was entered knowingly and intelligently because he was in no condition to enter a guilty plea and defense counsel did not conduct an adequate investigation in violation of his Fifth and Fourteenth Amendment due process rights. In ground 12, petitioner asserts that his Fifth Amendment due process rights were violated when the state district court abused its discretion by denying his state postconviction habeas petition after depriving him of funding for a mental health expert (ECF #6 at 21-25).

Again, as with previous grounds, respondents are correct that alleged errors in the state postconviction process are not addressable through habeas corpus proceedings. *Franzen*, 877 F.2d 26. Accordingly, grounds 10, 11, and 12 are dismissed for failure to state claims cognizable in a federal habeas action.

**Ground 13**

Petitioner claims that he was denied the ability to present expert testimony on mental health issues that arose because of his gunshot wound to the head, the partial lobotomy and the emergency surgery in violation of his Fourteenth Amendment due process rights (ECF #6 at 27). Among other arguments, respondents contend that this ground is conclusory (ECF #13 at 14-15). The court agrees; petitioner fails to indicate at what point in the proceedings he should have been allowed to call such an expert, he fails to identify to what an expert would testified and how that would have affected the outcome of the

proceedings. Accordingly, ground 13 is dismissed as conclusory, and the petition is denied in its entirety.

## IV. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (ECF #6) is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

Dated this 24th day of June, 2013.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE